## ANDERSON v. ANN ARBOR RAILROAD CO.

AMENDMENTS—PLEADING—DECLARATION—CONTINUANCE.

In an action for personal injuries, where the court allowed an amendment of plaintiff's declaration on the day of trial, which created an entirely different situation, and defendant was not prepared to meet the new issue, a continuance should have been granted.

Error to Benzie; Lamb, J. Submitted October 8, 1914. (Docket No. 14.) Decided July 23, 1915.

Case by Thomas A. Anderson against the Ann Arbor

Railroad Company for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed.

*Gustavus Ohlinger* and *M. G. Paul* (*Alexander L. Smith,* of counsel), for appellant.

*Nevius & Harwood* (*Thos. Smurthwaite,* of counsel), for appellee.

MOORE, J. The plaintiff, while working as a brakeman on defendant's railroad, received severe personal injuries. This suit was brought to recover damages because of them. From a judgment of $6,500, the case is brought here by writ of error.

The errors relied upon are by counsel classified as follows:

(1) Error of the trial court in allowing plaintiff to amend his declaration on the day of trial, and in refusing defendant's motion for a continuance after the amendment was made. A further error is predicated upon the action of the court in allowing plaintiff, at the close of the evidence, to amend his declaration by substituting "Y" for "side track" as the location of the accident.

(2) Errors in the introduction of evidence not competent under the pleadings: (*a*) In permitting testimony in regard to an accident on a "Y," when the amended declaration refers to a "side track;" (*b*) in allowing testimony in regard to injuries not claimed in the amended declaration; (*c*) in permitting testimony to be received regarding the absence of end stakes or racking on the the flat car, when the amended declaration contained no allegation in regard to these matters.

(3) Other errors in the introduction of evidence.

(4) Errors in the charge of the court.

It was entirely competent for the court to allow the proposed amendment; but the serious question grows out of his refusal to grant a continuance of the case at the request of counsel, who stated they were prepared to try the case upon the issues involved in the original declaration, but were unprepared to meet

the case as presented by the amended declaration. It becomes important to note the difference in the two declarations. The accident happened while two cars were being shunted upon a Y, or switch, connecting the defendant road with the Pere Marquette Railroad at a point where these railroads cross each other. In the original declaration it was stated that plaintiff, by reason of his duties as brakeman, was required to stand between the lumber loaded on the flat car and the brake wheel at the end of said car, and that when the two cars were thrown into the Y, or switch, the forward one came in contact with a car on the siding, and the impact shifted the load of lumber back of the brakeman against him, and he was thrown against the brake wheel of the flat car and severely injured. The proofs showed that the impact of the cars, instead of throwing the lumber toward the brake wheel on the flat car, would throw it away from the only brake wheel on that car. Evidently the pleader did not understand the facts when he drew the original declaration, and when he did understand them it became necessary to amend the declaration, so as to state that the brake wheel was on the end of the gondola car, and that in setting the brake on the gondola car plaintiff stood with one foot on the bumper or platform of the flat car, with his back to the lumber of that car, and the other foot on the gondola car, and that when he was attempting to set the brake on the end of the gondola car the impact of the cars shifted the lumber on the flat car and crushed plaintiff against the brake wheel on the end of the gondola car.

It will be noticed that under the original declaration the impact of the cars would take the lumber of the flat car away from the brake wheel on that car, so that the proofs would make no case under that declaration, and, if plaintiff was to have any standing in court under the proofs, an amendment showing he was set-

ting the brake on the end of the gondola car at the time of the accident was necessary. When counsel stated they were not prepared to meet the new situation presented by the amended declaration, we think a continuance should have been granted. See *Ruscyk* v. *Railway*, 180 Mich. 399 (147 N. W. 514).

The other assignments of error do not call for discussion, as they are either not well taken or will not arise on the new trial.

For the reason stated, the judgment is reversed, and a new trial granted.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.

This case was originally assigned to the late Justice MCALVAY.